UNITED STATES DISTRICT COURT KC **FILED**
OR THE NORTHERN DISTRICT OF ILLINOIS       MAY 0 3 2007
EASTERN DIVISION                           5-3-07
                                           MICHAEL W. DOBBINS
                                           CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| FREDERICK LATHAM, | ) | |
| | ) | No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **07CV2469** |
| | ) | **JUDGE MANNING** |
| CITY OF CHICAGO, a Municipal | ) | **MAGISTRATE JUDGE NOLAN** |
| Corporation; and | ) | |
| Chicago Police Officers | ) | |
| BRIAN TREACY, Star 5181; | ) | |
| RICHARD DOWLING, Star 5656; | ) | **Jury Demand** |
| ERIC WHITE, Star 6581; | ) | |
| NICK OLSON, Star 16046; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff is a citizen of the United States, and a resident of the city of Chicago.

5.      Defendant police officers are duly appointed and sworn city of Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.      The Defendant-Officers are sued in their individual capacities.

7.      The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8.      On or about October 24, 2005, at about 11:45 p.m., Plaintiff was sitting in his van

in front of his sister Rose Latham's house located at 6410 South Bell, Chicago, Illinois.

9.    Plaintiff was waiting in the van while his brother, Donnie Latham, was inside talking with Rose.

10.   While sitting in the van, Plaintiff saw two uniformed Defendant-Officers approach a car that was parked in front of Plaintiff's van.

11.   The Defendant-Officers had their guns drawn.

12.   After investigating the car parked in front of Plaintiff's van, the uniformed Defendant-Officers approached Plaintiff's van.

13.   At that time, two Defendant-Officers in plain-clothes parked their police car behind Plaintiff's van.

14.   The plain-clothes Defendant-Officers pointed their guns at Plaintiff.

15.   Upon information and belief, the Defendant-Officers were investigating an armed robbery that had just occurred.

16.   Plaintiff was not involved in the armed robbery.

17.   One of the Defendant-Officers told Plaintiff to get out of the van.

18.   Plaintiff was seized and not free to leave.

19.   Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff. Defendant-Officers did not have a reasonable suspicion, based upon specific and articulable facts, that Plaintiff had committed or was about to commit a crime.

20.   Plaintiff opened the passenger's side door and started to exit the van.

21.   Plaintiff suffers from epilepsy and was having difficultly exiting the van.

22.   A Defendant-Officer grabbed Plaintiff and pulled him from the van.

23.   Defendant-Officers then punched, kicked, and beat Plaintiff.

24.   One of the Defendant-Officer tasered Plaintiff.

25.   The beating and tasering caused Plaintiff extreme pain, and also caused Plaintiff to defecate on himself and have a seizure.

26.   Plaintiff was transported to the 8th district police station.

27.   At the station, Plaintiff was handcuffed to a bench in a small room. Defendant-

-2-

Officers entered the room and beat on Plaintiff.

28. After the beating, Plaintiff repeatedly asked for medical attention.

29. Plaintiff's requests for medical attention were denied.

30. Plaintiff was falsely charged with battery to Defendant DOWLING.

31. At about 4:45 am, Plaintiff was released from the police station.

32. After his release, Plaintiff received medical attention. Plaintiff also filed a complaint with the Office of Professional Standards.

33. On December 21, 2005, the criminal case against Plaintiff was dismissed.

34. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

35. As a direct and proximate result of the acts of the Defendants described above, Plaintiffs have suffered and continue to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, medical expenses, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

36. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

37. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop or seize Plaintiff.

38. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

39. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

40.     The actions of Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers;

b)     Award Plaintiff compensatory and punitive damages, as determined at trial;

c)     Award Plaintiff attorneys' fees and costs;

d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

41.     Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

42.     While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

43.     Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force, in violation of the Fourth Amendment, as guaranteed by the Fourteenth Amendment.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers;

b)     Award Plaintiff compensatory and punitive damages, as determined at trial;

c)     Award Plaintiff attorneys' fees and costs;

d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Denial of Medical Attention)

44.     Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

45.     After the Defendant-Officers beat on Plaintiff and caused him severe injuries, Plaintiff was denied necessary medical attention.

46.     Defendant-Officers were deliberately indifferent to Plaintiff's serious medical needs.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers;

b)      Award Plaintiff compensatory and punitive damages, as determined at trial;

c)      Award Plaintiff attorneys' fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.


## COUNT V
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF CHICAGO)

47.     Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

48.     At all times material to this Complaint, there existed in the city of Chicago the following practices, policies and customs:

      a.      stopping, detaining, arresting, and searching persons without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

      b.      arbitrary use of excessive force against suspects, arrestees, detainees and other civilians;

      c.      denying medical care to arrestees, including those who have been beaten by police officers;

      d.      preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures;

      e.      filing false charges and pursuing baseless prosecutions in order to protect police officers from claims of improper conduct and avoid liability;

      f.      a *code of silence* in which police officers fail to report police misconduct;

      g.      said *code of silence* also includes police officers either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers;

      h.      failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above;

      i.      failure to adequately investigate citizen complaints against police officers;

j.      failure to adequately discipline police officers for misconduct;

k.      through the Office of Professional Standards (OPS), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is rarely disciplined, thereby encouraging even more police misconduct;

49.     The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department, and its police officers.

50.     One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the CITY OF CHICAGO has delegated *de jure* final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Phil Cline (to whom the CITY OF CHICAGO has delegated *de facto* final policy-making authority for the Chicago Police Department regarding the matters complained of herein).

51.     The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the CITY OF CHICAGO.

52.     The municipal policy-makers of the CITY OF CHICAGO acted with deliberate indifference to the rights of Plaintiffs in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

53.     By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against the CITY OF CHICAGO;

b)      Award Plaintiff compensatory damages, as determined at trial;

c)      Award Plaintiff attorneys' fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and

equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

54.     Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

55.     The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

56.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595